IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GREGORY AND ROBYN MINKOFF | * * * * | |
| v. | * * | Civil Action No. WMN-13-2799 |
| ACKER & SONS, INC. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

The Complaint in this action was filed on September 24, 2013. In that Complaint, Plaintiff, Great Northern Insurance Company, states that its insured, Gregory and Robyn Minkoff, entered into a contract with Defendant Acker & Sons, Inc. on or about September 24, 2007, to install certain plumbing systems in the home being constructed for the Minkoffs. Plaintiff alleges that, in the performance of that contract, Defendant installed an inadequate expansion tank in the home's hot water system. On or about September 2, 2012, that expansion tank exploded, causing a water leak that did extensive damage to the Minkoffs' home.

The Complaint contained three counts: Count I – Negligence, Count II – Breach of Contract, and Count III – Breach of Implied Warranty of Workmanlike Performance. Plaintiff has voluntarily dismissed Count III. ECF No. 10. Defendant has filed a Motion to Dismiss Count II of the Complaint on the ground that

Plaintiff's breach of contract claim is barred by Maryland's four year statute of limitations applicable to contracts for the sale of goods, Md. Code Ann., Com. Law § 2-725. ECF No. 9. Plaintiff opposed the motion, ECF Nos. 12 and 13, arguing that the contract at issue was a service contract and not a contract for the sale of goods subject to the limitations of § 2-725. If not conclusively a service contract, Plaintiff suggests that the contract was at least a hybrid sales and service contract, and it is for the finder of fact to determine whether the predominant purpose of the contract was the sale of goods or the provision of a service. Defendant did not file a reply.

The Court agrees that there is at least a question of fact as to whether the contract was predominantly a sales contract or a service contract. See Degroft v. Lancaster Silo Co., Inc., 527 A.2d 1316 (Md. Ct. Spec. App. 1987) (holding that it is generally a question of fact to be resolved by the finder of fact as to whether the "predominant purpose" of a hybrid contract is sales or service, and thus whether § 2-725 is applicable). In this instance, upon review of the contract that was attached to the Complaint, ECF No. 1-1, it would appear more likely that the contract was a service contract. The contract designates that the majority of the fixtures would be "Furnished by others; installed by [Defendant]." Id. at 4-8. Accordingly, Defendant's Motion to Dismiss will be denied.

It is this 22nd day of January, 2014, by the United Stated District Court for the District of Maryland, ORDERED:

(1) That Defendant's Motion to Dismiss Count II of the Complaint, ECF No. 9, is DENIED; and

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
              _____/s/_____
              William M. Nickerson
              Senior United States District Judge
```